**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARK GIBSON,**

**Plaintiff,**

**v.** **Civil Case No.:**

**GENERAL DYNAMICS ORDNANCE AND TACTICAL SYSTEMS INC.,**

**Defendant.**

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Mark Gibson (hereinafter "Plaintiff" or "Gibson") and files his complaint against Defendant, General Dynamics Ordinance and Tactical Systems, Inc. (hereinafter "Defendant" or "GDOTS") and in support he states the following:

**NATURE OF THE ACTION**

1. This is an action for monetary damages pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq*. ("ADEA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq*. ("FCRA") to redress Defendant's discrimination against Plaintiff because of his age and retaliation against Plaintiff leading to his constructive discharge.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

**THE PARTIES**

5. Plaintiff, Gibson is a citizen of the United States and at all times material was a citizen of the State of Florida, residing in Hillsborough County, Florida.

6. Defendant, GDOTS is a Foreign For-Profit Corporation with its principal place of business in St. Petersburg, Florida.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

**PROCEDURAL REQUIREMENTS**

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about August 12, 2019, Plaintiff dual-filed a claim with the Florida Commission on Human Relations (“FCHR”) and the Equal Employment Opportunity Commission (“EEOC”), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on age.

10. Plaintiff’s EEOC charge was filed within three hundred days after the unlawful employment practices occurred.

11. On February 24, 2020, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

12. This complaint was filed within ninety (90) days of the EEOC’s issuance of the Dismissal and Notice of Rights

**FACTUAL ALLEGATIONS**

13. At all times material to this complaint Plaintiff was over the age of forty (40).

14. Plaintiff was employed by Defendant and worked in a full-time position as a Senior Human Resources Manager at the time of his constructive discharge.

15. Defendant discriminated against Plaintiff due to his age.

16. On or about August 4, 2017, Plaintiff was interviewed by Yolanda Moore, Senior Director, Human Resources and Administration, for a Director of Human Resources position. During the interview, Ms. Moore asked Plaintiff directly how old he was. When Plaintiff replied that he was fifty-three years old at the time, Ms. Moore responded that Plaintiff was at the beginning of his early retirement stage.

17. Plaintiff reported the discriminatory comment to his supervisor, Steve Cannizzaro; however, Defendant took no remedial action.

18. Of the four internal candidates considered for the position in 2017, Ms. Moore selected the youngest candidate for the position.

19. In November 2018 Defendant had an opening for a Human Resources Director to be assigned to the Munition Systems Division. Plaintiff was one of four candidates interviewed for this position.

20. Of the four candidates, three candidates, including Plaintiff, were over 40 years old.

21. Jon Olszowy was the only candidate for the position who was under the age of 40.

22. While the three candidates over the age of 40 were interviewed by both Karyn Bruneau (Vice President Human Resources) and Tim McAuliffe (Retired Vice President and General Manager of the MS BSU) Mr. Olszowy was only interviewed by Ms. Bruneau.

23. Mr. Olszowy was also the only candidate with no Human Resources experience.

24. Due to its preference for his younger age, Defendant selected Mr. Olszowy for the Human Resources Director position.

25. Plaintiff escalated his concerns regarding the discriminatory treatment to Ms. Moore, but again Defendant failed to investigate and took no remedial action.

26. Defendant continued to demonstrate its preference for younger employees when:

a. Ms. Moore repeatedly stated, "We need 'up and comers.'"

b. Ms. Moore inquired about the age of a Human Resource Generalist when she said something to the effect of "How young is the Human Resources Generalist at L3?"

c. Senior Manager Ryan Guenther stated in an email to Plaintiff that his department may want to explore getting a few "younger entry-level employees."

d. Mr. Guenther stated that a candidate may fit the "newly desired mold" because she was "young."

e. Director of Human Resources, Patrick Hutto, stated his concern about an older candidate by commenting something along the lines of "I don't think I'll get 15 years out of him because he is mature in his career."

f. Defendant expressed that it was targeting "younger talent" and candidates with little to no experience which is a direct correlation to a younger candidate.

27. After Defendant gave Mr. Olszowy the Human Resources Director position, Ms. Moore met with Plaintiff and Mr. Olszowy. She instructed Plaintiff to train Mr. Olszowy on Defendant's Reduction in Force separation process as Mr. Olszowy had no experience in this area and was not prepared to handle the position he had been given.

28. Ms. Moore's instruction was done to harass Plaintiff and retaliate against him for reporting his concerns of age discrimination.

29. Moreover, Defendant has a pattern and practice of terminating employees that are over 40 years old, including but not limited to: Mr. Cannizzaro (terminated shortly before he turned 50 years old), Aundre Green (who was over 50 years old at the time of his termination), Barbara Mears (who was over 40 years old at the time of her termination), and Laurie VanBrocklin (who was over 50 years old at the time of her termination and replaced with a significantly younger employee).

30. The hostile work environment and Defendant's discriminatory and retaliatory conduct left Plaintiff no choice but to tender his resignation.

31. Defendant's behavior made it clear to Plaintiff that he would not be able to properly advance with the company based on his age.

32. To further harass Plaintiff and intentionally inflict emotional distress upon him, Defendant intentionally lost Plaintiff's personnel file which contained sensitive personally identifying information and then falsely accused Plaintiff of removing his file without any corroborating evidence to support their allegations.

33. Plaintiff has been harmed by Defendant's illegal conduct.

34. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Age Based Discrimination in Violation of the ADEA**

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-15, 19-24, and 26-34 above.

36. Defendant engaged in intentional age discrimination in Plaintiff's terms, conditions, or privileges of employment.

37. Defendant's conduct violated the ADEA.

38. Defendant's discriminatory conduct, in violation of ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

39. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

40. Defendant willfully engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count II: Retaliation in Violation of the ADEA**

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-14, 27-28, and 30-34 above.

42. Plaintiff engaged in protected activity under the ADEA while employed by Defendant.

43. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

44. Defendant's conduct violated the ADEA.

45. Defendant's discriminatory conduct, in violation of the ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

46. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

47. Defendant engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count III: Age Based Discrimination in Violation of the FCRA**

48. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-15, 19-24, and 26-34 above.

49. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his age with regard to hiring, employee compensation, and other terms, conditions, and privileges of employment.

50. Defendant violated the FCRA by failing to hire Plaintiff for a higher position and discriminating against Plaintiff based on his age.

51. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

52. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**Count IV: Retaliation in Violation of the FCRA**

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-14, 27-28, and 30-34 above.

54. Plaintiff engaged in protected activity under the FCRA when he raised his concerns to Defendant.

55. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

56. Defendant's conduct violated the FCRA.

57. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

58. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

59. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper
Florida Bar No.: 92815
Spielberger Law Group
4890 W. Kennedy Blvd.
Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 126
F: (866) 580-7499
gabrielle.klepper@spielbergerlawgroup.com
*Counsel for Plaintiff*